UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| GERALD WILLIAMS,<br><br>　　　　　　　　　　　　　Plaintiff,<br>　v.<br>ESURANCE, et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No. 2:18-cv-01168-APG-PAL<br><br>ORDER |

On March 7, 2019, plaintiff paid the $400 filing fee and an Order (ECF No. 15) was entered March 11, 2019 which instructed the Clerk of the Court to file plaintiff Gerald Williams' Complaint (ECF No. 16). Defendants filed a Motion to Dismiss (ECF No. 9) on February 6, 2019 before the Complaint was filed. There is no proof of service of summons and complaint but presumably defendant received notice of the complaint or a motion to dismiss would not have been filed. The motion to dismiss asserts the complaint was not served within 90 days of filing as required by Fed. R. Civ. P (m), and therefore the court lacks personal jurisdiction over the defendant.

Canon 3C(1)(c) of the Code of Conduct for United States Judges and 28 U.S.C. § 455(b)(4) require the court to screen cases for financial disqualification or other financial matters that may call for a judge's recusal (disqualification). LR 7.1-1(a) states, in pertinent part, that "pro se parties and attorneys for private non-governmental parties must identify in the disclosure statement all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case."

The disclosure statement must include the following certification:

> The undersigned, pro se party, certifies that the following may have a direct, pecuniary interest in the outcome of this case: (here list the names of all such parties and identify their connection and interests.)

1

> These representations are made to enable judges of the court to evaluate possible disqualifications or recusal.
>
> Signature of pro se party.

The parties must file a notice with the court disclosing all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case. If there are no known interested parties other than those participating in the case, "a statement to that effect will satisfy the rule." LR 7.1-1(b). Additionally, the parties must promptly file a supplemental notice "upon any change in the information that this rule requires." LR 7.1-1(c). Defendants filed their Certificate of Interested Parties (ECF No. 10) February 6, 2019.

Accordingly,

**IT IS ORDERED:**

1. The plaintiff shall file a notice with the court disclosing all persons, associations of persons, firms, partnerships or corporations (including parent corporations) that have a direct, pecuniary interest in the outcome of the case **no later than May 7, 2019.**
2. Failure to comply may result in the issuance of an order to show cause why sanctions should not be imposed.

DATED this 23rd day of April 2019.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE